OPINION
{¶ 1} Appellant, Gordon Lending Corporation, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Department of Commerce, Division of Financial Institutions ("Division"), revoking appellant's mortgage broker certificate of registration. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On August 26, 2005, a complaint was filed with appellee against appellant concerning a residential mortgage loan obtained in March 2004 with appellant's assistance. Appellee investigated the matter and discovered additional circumstances involving persons employed by appellant who were not licensed as loan officers in Ohio but were engaged in loan officer activities regarding properties located in Ohio.
 {¶ 3} Appellee notified appellant that it intended to revoke appellant's certificate of registration and impose a fine of $9,000, on the basis that appellant violated R.C. 1322.07(C) by allowing five employees to act as loan officers without having active loan officer licenses. Appellant requested an administrative hearing regarding the possible revocation of its certificate of registration, and a hearing was held on July 12 and 24, 2006.
 {¶ 4} On January 22, 2007, a Division hearing officer issued a report and recommendation recommending that appellee not revoke appellant's certificate of registration but suspend it for a period of no less than six months and no more than one year and levy a fine in the amount of $9,000.
 {¶ 5} On February 1, 2007, appellant filed an objection to the hearing officer's report and recommendation. Appellant's objection to the report and recommendation focused on the penalty recommended by the hearing officer. Appellant did not challenge the hearing officer's finding that appellant violated R.C. 1322.07(C). Appellant recognized that "mistakes and oversights were made," but argued that it had taken "voluntary, proactive steps and remedial measures" to prevent such mistakes and oversights in the future. In appellant's view, the hearing officer failed to adequately consider these steps and measures when making the recommendation of suspension. *Page 3 
 {¶ 6} On June 29, 2007, appellee issued an order concerning the matter. Appellee expressly rejected the hearing officer's recommendation that appellant's certificate of registration be suspended. Appellee determined that appellant's conduct before the investigation began indicated its unwillingness to comply with the Ohio Mortgage Broker Act (codified as R.C. Chapter 1322). Appellee decided to revoke appellant's mortgage broker certificate of registration and fine appellant $9,000.
 {¶ 7} Appellant appealed the decision of appellee to the trial court. In the appeal, appellant admitted that its employees who were involved in the loan transactions were not licensed in the state of Ohio but argued that its certificate of registration should not have been revoked by appellee. As part of the appeal, appellant filed a motion seeking the admission of additional evidence to be considered by the trial court. Appellant alleged that the additional evidence was relevant because it demonstrated that decisions rendered by appellee are patently unfair and contrary to procedural due process. In its decision, the trial court denied appellant's motion requesting the admission of additional evidence. Furthermore, the court found that the evidence in the record sufficiently supports appellee's revocation order and accordingly affirmed the order.
 {¶ 8} Appellant has timely appealed to this court from the trial court's judgment. In this appeal, appellant sets forth the following three assignments of error for our review:
 I. The Lower Court refused to admit certain evidence, which was probative and defined the Division's unreasonable posture upon review.
 II. The lower courts Decision and Entry are unreasonable and unconscionable.
 III. The lower court's Decision and Entry is contrary to the evidence. *Page 4 
 {¶ 9} Before addressing appellants' assignments of error, we will outline the standard of review for administrative appeals pursuant to R.C. 119.12. Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. Generally, an appellate court determines whether the trial court abused its discretion in review of the agency order. Lorain City Bd. of Edn. v.State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261. However, on questions of law, the review of the court of appeals is plenary.Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus.
 {¶ 10} By its first assignment of error, appellant argues that the trial court erred in denying its request for the admission of additional evidence. Appellant argues that the evidence submitted, in the form of a summary of cases decided by appellee, was relevant and undermines appellee's revocation order. According to appellant, the summary supported its argument that the proceedings before appellee violated its right to due process and indicated appellee's proclivity to deny licenses without properly considering the facts of each case.
 {¶ 11} Under R.C. 119.12, "the court is confined to the record as certified to it by the agency" unless otherwise provided by law. R.C. 119.12 also provides, in pertinent part, as follows: "Unless otherwise provided by law, the court may grant a request for the *Page 5 
admission of additional evidence when satisfied that the additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." "Newly discovered evidence is evidence that was in existence at the time of the administrative hearing. * * * Newly discovered evidence does not refer to newly created evidence." (Citations omitted.) Golden ChristianAcademy v. Zelman (2001), 144 Ohio App.3d 513, 517.
 {¶ 12} This court reviews a trial court's decision regarding whether to admit additional evidence pursuant to R.C. 119.12 under an abuse-of-discretion standard. See Northfield Park Assoc. v. Ohio StateRacing Comm., Franklin App. No. 05AP-749, 2006-Ohio-3446, at ¶ 57. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} The document that appellant sought to be considered by the trial court was appellant's summary of the information it received after it submitted, in September 2007, a request to appellee for all reports and recommendations and Division orders concerning cases involving loan officer licenses and mortgage broker certificates of registration. The summary lists the names of applicants, the name of the hearing officer assigned to each particular matter, the recommendation of the assigned hearing officer for each case (i.e. to grant, deny, or revoke), and the corresponding Division order as to each matter. Appellant argues that the rate of denial by appellee for cases in which the hearing officer recommended granting licenses indicates a "systematic practice by the Division of denying licenses without considering all of the facts and ignoring the recommendation of their own hearing officers." (Appellant's brief, at 9.) Essentially, appellant alleges that *Page 6 
appellee is biased toward license holders, and that this bias is reflected by the summary. This argument is unavailing.
 {¶ 14} "[T]he outcome of a judicial proceeding alone may not stand as proof of bias or partiality." Meadowbrook Care Ctr. v. Dept. of Job andFamily Services, Franklin App. No. 06AP-871, 2007-Ohio-6534, ¶ 26, citing Liteky v. United States (1994), 510 U.S. 540, 114 S.Ct. 1147. Here, appellant seeks to use the outcomes in a collection of cases as a statistical indicator of appellee's bias toward a particular group. However, contrary to appellant's suggestion, the "denial rate" it relies upon is not probative of whether it was denied due process. As such, we find as unpersuasive appellant's assertion that the denial rate somehow indicates a systematic failure of appellee to properly consider all the facts of cases when rendering orders or that appellee was predisposed to revoke appellant's certificate of registration. Therefore, we resolve that the trial court did not err in finding the evidence proffered by appellant with its motion to consider additional evidence to be irrelevant. Consequently, we conclude that the trial court did not abuse its discretion in denying appellant's motion to admit additional evidence, and we accordingly overrule appellant's first assignment of error.
 {¶ 15} Because they involve interrelated issues, we will address appellant's second and third assignments of error together. Appellant's second assignment of error alleges that the trial court's decision was unreasonable and unconscionable. Appellant's third assignment of error alleges that the trial court's decision was contrary to the evidence. These arguments concern the penalty imposed by appellee as a result of the violations. *Page 7 
 {¶ 16} Appellant alleges that the trial court's decision demonstrates a strong dislike of appellant. In support of this allegation, appellant points to the denial of the motion to admit additional evidence and the trial court's conclusion that appellee independently examined the record and articulated its reasons for rejecting the recommendation of the hearing officer regarding the penalty.
 {¶ 17} Simply because the trial court did not find appellant's arguments to be persuasive does not demonstrate animosity toward appellant. Moreover, the trial court's views were supported by the record. It is clear from a review of the revocation order that appellee considered the hearing officer's recommendation but rejected it, as statutorily permitted. See R.C. 119.09 (providing in part that the "recommendation of the referee or examiner may be approved, modified, or disapproved by the agency[.]") Appellee recognized the steps that appellant took after the investigation began, but viewed appellant's prior conduct as a better indicator of its willingness to comply with the Ohio Mortgage Broker Act.
 {¶ 18} Furthermore, in an R.C. 119.12 appeal, "the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." Henry's Caf É, Inc. v. Bd. of Liquor Control (1959),170 Ohio St. 233, paragraph three of the syllabus. Appellee is authorized by law to revoke a certificate of registration if, after notice and opportunity for an R.C. Chapter 119 hearing, it finds a violation or failure to comply with any provision of R.C. 1322.01 to 1322.10, any rule adopted under these sections, or any other law applicable to the business conducted under a certificate of registration. R.C. 1322.10(A). A hearing was conducted in this case, and appellee resolved that appellant violated R.C. 1322.07(C). *Page 8 
Pursuant to R.C. 1322.10(A)(1), appellee was authorized to revoke appellant's certificate of registration. Therefore, the trial court could not modify that sanction.
 {¶ 19} Accordingly, we overrule appellant's second and third assignments of error.
 {¶ 20} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and TYACK, JJ., concur. *Page 1